**Jared D. Smith**
**Patrick J. Geile**
**FOLEY FREEMAN, PLLC**
**953 S. Industry Way**
**Meridian, Idaho 83642**
**Phone: 208.888.9111**
**Fax: 208.888.5130**
**Idaho State Bar No. 11954**
**Idaho State Bar No. 6975**
**E-mail: *jsmith@foleyfreeman.com***
**E-mail: *pgeile@foleyfreeman.com***

**Attorney for Debtor**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| **In re:**<br><br>**ROCKY MOUNTAIN HUNTING CALLS & SUPPLIES, LLC,**<br><br>**Debtor(s).** | **Case No. 26-20315-NGH**<br><br>**Chapter 11**<br>**Subchapter V**<br><br>**APPLICATION TO APPROVE EMPLOYMENT OF TROUT & JONES PLLC AS SPECIAL COUNSEL FOR THE DEBTOR** |

**Notice of Application for an Order Approving Employment of Special Counsel and Opportunity to Object and for a Hearing**

No Objection. The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one (21) days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is not opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

Objection. Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

Hearing on Objection. The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

COMES NOW the Debtor, Rocky Mountain Hunting Calls & Supplies, LLC, by and through his attorney of record, Jared D. Smith of Foley Freeman, PLLC, and applies to this Court pursuant to 11 U.S.C. § 327(e), Federal Rule of Bankruptcy Procedure 2014(a), and Local Bankruptcy Rule 2014-1, for authority to employ Trout & Jones, PLLC as special counsel for the limited special purpose set forth below, and in support thereof states:

1. Bankruptcy Petition; Debtor-in-Possession. On August 6, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and elected treatment under Subchapter V. The Debtor continues to manage his affairs as a debtor-in-possession; no trustee has been appointed to displace the Debtor.

2. Special Counsel to be Employed:

a. Name: Kim Trout

b. Firm: Trout & Jones PLLC

c. Address: 3778 N. Plantation River Dr., Suite 101, Boise, Idaho 83703

d. Phone: (208) 577-5755

e. Email:

f. Idaho State Bar No.: 2468

g. Years of Experience: 47

3. Special Purpose (Scope of Employment). Pursuant to § 327(e), the Debtor seeks to employ Special Counsel for the limited special purpose of prosecuting the appeal of Case No. CV28-23-0741, *Rocky Mountain Hunting Calls and Supplies, LLC v. Corey Jacobsen*. As well as to pursue a claim of attorney malpractice against Debtor's state court counsel.

4. Reasons for Selection. The Debtor has determined that Kim Trout and his law firm possess the expertise, skill, and experience in appellate work and litigation generally necessary to represent the Debtor effectively and economically for the benefit of the estate.

5. Necessity and Benefit to the Estate. The Debtor requires Counsel to prosecute the Appeal, which the Debtor could not otherwise pursue without specialized appellate counsel admitted in Idaho. Successful prosecution of the Appeal may reduce or eliminate the judgment and any resulting claim asserted against the Debtor and the bankruptcy estate, thereby increasing the funds available for distribution to creditors and materially affecting the Debtor's ability to formulate and confirm a feasible plan under 11 U.S.C. §§1189 and 1191.

6. Compensation. Counsel will be compensated at the hourly rate of $450.00 per hour, plus reimbursement of actual and necessary expenses, as more fully set forth in the written engagement agreement attached hereto as **Exhibit A**. Counsel will maintain contemporaneous time records describing the services rendered, the time expended, and the person performing each service. All compensation and reimbursement shall be sought by application and are subject to review and approval by the Court under 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016, and shall be allowed as an administrative expense under 11 U.S.C. § 503(b)(2). Counsel will not charge or accept any compensation other than as approved by the Court. Dale Ames paid a retainer of $20,000.00 to the firm from personal funds. Mr. Ames recognizes this payment constitutes a gift to the Debtor and does not expect to be re-compensated for the gift.

7. Expenses. The estate will pay the actual and necessary costs of prosecuting the Appeal, including but not limited to appellate filing fees; the cost of preparing the record on appeal and transcripts; service fees; travel and lodging; photocopy and telephone charges; and the cost of

obtaining records and documents. Reimbursement of expenses is subject to Court approval under 11 U.S.C. § 330 and Fed. R. Bankr. P. 2016.

8. Adverse Interest and Disclosure of Connections. To the best of the Debtor's knowledge, information, and belief, Counsel does not hold or represent any interest adverse to the Debtor or the estate with respect to the Appeal, as required by § 327(e). To the best of the Debtor's knowledge, Counsel's only connection with the Debtor, any creditor, any other party in interest, their respective attorneys and accountants, the Subchapter V Trustee, the United States Trustee, or any person employed in the office of the United States Trustee is that Counsel represented the Debtor in the underlying Action prior to the petition date, as disclosed above. The opposing party in the Appeal is Corey Jacobsen, who is a creditor or party in interest in this bankruptcy case. The opposing parties in the attorney malpractice action are Kevin Roberts and Chad Freebourn, who are listed creditors or parties in interest in this bankruptcy case. All such connections are further set forth in the Verified Statement of Counsel filed herewith in accordance with Fed. R. Bankr. P. 2014(a) and LBR 2014-1(a)(2).

9. Verified Statement. Filed contemporaneously herewith is the Verified Statement and Declaration of Kim Trout in support of this Application, confirming that Counsel holds no interest adverse to the Debtor or the estate with respect to the Appeal.

10. Notice and Opportunity to Object. Objections to this Application must be filed with the U.S. Bankruptcy Court, 550 W. Fort Street, MSC 042, Boise, Idaho 83724, and a copy served upon Debtor's counsel, Patrick J. Geile, Foley Freeman, PLLC, 953 S. Industry Way, Meridian, ID 83642, not later than twenty-one (21) days from the date of service of this Application, as provided by LBR 2014-1(c).

WHEREFORE, the Debtor respectfully requests that the Court enter an order (a) authorizing the Debtor to employ Kim Trout of Trout & Jones, PLLC as special counsel under 11 U.S.C. § 327(e), effective as of the date of service of this Application pursuant to LBR 2014-1(c); (b) providing that Counsel shall be compensated at the hourly rate of $450.00 per hour with other members of his firm to be compensated at rates as set forth in the engagement letter attached as Exhibit A, plus actual and necessary expenses, subject to application to and approval by the Court under 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016, and allowed as an administrative expense under § 503(b)(2); and (c) granting such other and further relief as the Court deems just and proper.

DATED this 20th day of August, 2026.

*FOLEY FREEMAN, PLLC*

*/s/ Jared D. Smith*
Jared D. Smith
Attorney for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of August, 2026, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

_X_ CM/ECF Notice

*/s/ Jared D. Smith*
Jared D. Smith