**Jared D. Smith**
**Patrick J. Geile**
**FOLEY FREEMAN, PLLC**
**953 S. Industry Way**
**Meridian, Idaho 83642**
**Phone: 208.888.9111**
**Fax: 208.888.5130**
**Idaho State Bar No. 11954**
**Idaho State Bar No. 6975**
**E-mail: *jsmith@foleyfreeman.com***
**E-mail: *pgeile@foleyfreeman.com***

**Attorney for Debtor**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| **In re:**<br><br>**ROCKY MOUNTAIN HUNTING CALLS & SUPPLIES, LLC,**<br><br>**Debtor(s).** | **Case No. 26-20315-NGH**<br><br>**Chapter 11**<br>**Subchapter V**<br><br>**VERIFIED STATEMENT OF KIM TROUT** |

Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), the undersigned, Kim Trout (the "Special Counsel"), declares under penalty of perjury as follows:

1. Identity, Qualifications, and Experience. I am an attorney licensed to practice law in the State of Idaho Bar No. 2468. I have personal knowledge of the matters set forth in this Declaration and, if called as a witness, could and would testify competently thereto. My contact information is:

    a. Name: Kim Trout

    b. Firm: Trout & Jones, PLLC

    c. Address: 3778 N. Plantation River Dr., Suite 101, Boise, Idaho 83703

    d. Phone: (208) 577-5755

e. Email: ktrout@trout-law.com

f. Years of Experience: 47

2. Scope and Basis of Engagement. This Declaration is submitted in support of the Application to employ me as special counsel to the Debtor, pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a), for the limited special purpose of prosecuting the appeal of Case No. CV28-23-0741, *Rocky Mountain Hunting Calls and Supplies, LLC v. Corey Jacobsen.* As well as to pursue a claim of attorney malpractice against Debtor's state court counsel. I have agreed to represent the Debtor on the terms set forth in the engagement letter between the Debtor and Trout & Jones PLLC filed with the Application as **Exhibit A.** I understand that the engagement is subject to the approval of the above-captioned Court. I have extensive experience in appellate work and litigation in general and consider myself well qualified to carry out the proposed representation.

3. Disclosure of Connections. I have reviewed what I understand to be a complete list of the creditors and other parties in interest associated with this bankruptcy case. In accordance with Fed. R. Bankr. P. 2014(a) and LBR 2014-1(a)(2), and to the best of my knowledge, information, and belief, neither I nor my firm has any connection with the Debtor, creditors, the Subchapter V Trustee, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

4. No Adverse Interest. To the best of my knowledge, information, and belief, neither I nor my firm holds or represents any interest adverse to the Debtor or the estate with respect to the appellate or attorney malpractice matter, which is the matter for which I am to be employed. I understand that § 327(e) does not require special counsel to be a "disinterested person."

5. Compensation. I understand that my employment, and any compensation payable from property of the estate, is subject to the approval of this Court. My compensation will be $450.00

per hour plus reimbursement of actual and necessary costs, as set forth in the engagement letter. Dale Ames has paid my firm a retainer of $20,000.00 from personal funds. I understand that any compensation sought from the estate is subject to review and approval by the Court under 11 U.S.C. § 330 and Fed. R. Bankr. P. 2016, and I will not charge or accept compensation from estate funds other than as approved by the Court.

6. Continuing Duty to Disclose. I understand and acknowledge that I have a continuing duty under Fed. R. Bankr. P. 2014(a) to supplement this Declaration promptly if I become aware of any additional connection or relationship that may be relevant to my employment or to whether I hold an interest adverse to the estate with respect to the appellate and attorney malpractice matter.

DECLARATION

I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct.

DATED this 19 day of August, 2026.

Kim J. Trout

Kim Trout

TROUT &
JONES, PLLC
3778 N. PLANTATION RIVER DR., STE. 101
BOISE, ID 83703
(208) 577-5755

August 12, 2026

**SENT VIA: E-MAIL**

Rocky Mountain Hunting Calls & Supplies, LLC
Dale Ames
4520 W. Hargrave
Post Falls, ID 83854
dale@rockymountainhuntingcalls.com

**Re: AUTHORITY TO REPRESENT AND FEE AND COST AGREEMENT**

To Whom It May Concern:

Rocky Mountain Hunting Calls & Supplies, LLC (the "Company") and Dale Ames ("Ames," Ames and the Company are referred to herein as "You" or the "Client"), have employed Kim J. Trout and Alyssa R. Jones of Trout & Jones, PLLC (hereinafter also referred to as "Attorney") to represent You regarding the appeal in case number CV28-23-0741, plus a potential malpractice lawsuit as against Kevin W. Roberts, Chad H. Freebourn, and/or Roberts Freebourn, PLLC. This Engagement Agreement replaces and supersedes the Engagement Agreement dated August 6, 2026. Please be advised that this firm will represent You subject to the terms of this agreement.

**Responsibilities.** Our respective responsibilities are as follows: Attorney will handle your case and communicate with You as necessary to keep You informed of the progress of this matter. Your responsibility is to cooperate with Attorney by providing all information available to You relating to this matter; consulting with Attorney from time to time so that appropriate decisions can be made; and paying attorneys fees and costs incurred in the pursuit of this matter in a timely manner.

**Fees and Costs**: Fees and costs will be billed at the normal hourly rate for the attorney in our office performing services. Kim J. Trout's current hourly rate is $450.00 per hour and Alyssa R. Jones's current hourly rate is $350.00. Periodically other attorneys or paralegals may assist in the handling of this case. My paralegal's hourly rate is $200.00. The hourly rate for other attorneys and paralegals depends on experience, but shall not exceed $450.00 per hour. Hourly rates shall include the actual amount of time expended, including time making telephone calls, drafting correspondence, attending meetings, performing research, preparing pleadings, and reviewing correspondence and pleadings. The hourly rate may be increased during my representation of You.

EXHIBIT A

Costs consists of expenses incurred on your behalf which include, but is not limited to messenger services, filing fees, certification and recording charges, postage or next day delivery charges, facsimile transmission and receipt, photocopy charges, long distance charges, mileage, court reporting fees, expert witness fees, accounting and investigation fees, document processing costs, litigation support services, and other necessary expenses that may occur from time to time. Litigation support services include, but are not limited to the preparation of hearing/mediation/trial materials and other services as determined by Attorney.

From time to time Attorney may furnish estimates of attorneys' fees or costs that we anticipate will be incurred. These estimates are subject to unforeseen circumstances and are a rough calculation. Therefore, any such estimates are not binding upon us and You agree to pay the actual fees and costs incurred, even if they exceed the estimate.

**Contract Lawyers and Computer Assisted Legal Research Specialist.** Attorney may occasionally use contract legal services to assist in your case. Attorney's use of contract legal services includes companies specialized in either 1) computer assisted legal research ("CALR") or 2) research and writing ("Contract Lawyer"), (together known as "contract legal services.") The Contract Lawyer is an Idaho licensed and insured attorney. Attorney works with a CALR specialist for specialized computer assisted legal research, which services are for the limited purpose of answering specific legal questions. All such contracts are for services to Attorney and do not constitute a separate attorney-client relationship with our clients. Attorney agrees to limit these services to those we deem necessary or helpful to your case resolution. Both CALR and the Contract Lawyer will perform services diligently and competently using independent judgment and skill, subject to Attorney's oversight and final discretion.

Contract Lawyer will observe all applicable Idaho rules of professional conduct, including those related to our client's privileged and confidential information. Attorney will limit contract legal services' access to confidential or privileged information other than information necessary to perform their contract services. Contract legal services agree to return any such information (including all copies) immediately upon the earlier of request by our firm or completion of their use. Attorney shall securely disclose client information according to professional industry standards. Attorney agrees to implement procedures and safeguards to screen contract legal services from matters and clients other than those relating to the services of this agreement. Contract Lawyer will perform an independent conflicts check to ensure the absence of conflicts or other ethical concerns in this matter. Contract legal services shall complete their services within the guidelines provided by Attorney.

As part of this agreement, You expressly agree and consent to the above terms without further notice from Attorney. We shall bill all contract legal services at the actual rate charged to Attorney. We shall keep You informed of our use of contract legal services in our periodic billing statements. You may request the full details of such contract legal services at any time, including requests for

research memoranda, copies of the invoices, etc... You may cancel such contract legal services at any time by written request to Attorney.

**Billing.** You will receive a periodic statement. If an amount is due, it is payable within thirty (30) days after billing. Balances unpaid after thirty (30) days shall bear interest at eighteen percent (18%) per annum.

**Retainer.** A retainer of $20,000 is required before Attorney begins representation of You in the prosecution/defense of the matter described above. Attorney will hold your funds in its Lawyers' Trust Account. Attorney will provide You a periodic statement of fees, costs, and expenses, as described in the "Billing" section. After Attorney delivers the monthly statement, Attorney will apply the funds to the fees earned and the costs and expenses incurred. You are responsible for paying any fees, costs, and expenses in excess of the funds Attorney holds. In the event the fees, costs and expenses exceed the funds held by Attorney, You are responsible to pay the balance as described in the "Billing" section. You agree to maintain the Retainer Amount after each Billing. At Attorney's discretion, Attorney may request You make an additional deposit into Attorney's Lawyers' Trust Account. If at the conclusion of this matter, there is a balance in the Attorney's Lawyers' Trust Account, Attorney shall refund the remaining funds to You.

**No Guarantees of Outcome.** No guarantees have been made regarding the disposition of any phase of this matter, and all expressions relative to it are only an opinion of the Attorney.

**Discharge or Withdrawal of Attorney.** In the event of discharge of the Attorney by the Client before completion of this matter, or should Attorney be forced to cancel this contract due to lack of cooperation on the part of client as agreed to herein, the Client agrees to pay Attorney, at Attorney's option, for the time Attorney has spent on behalf of Client at the billed rate. Upon such discharge, Client agrees to immediately pay Attorney all out-of-pocket expenses incurred by Attorney, including interest to date, and fees before Client's file or other information in possession of Attorney shall be made available to Client or his/her agent. It is agreed that neither You nor any other party in interest shall have any recourse or claim against this firm or any member of this firm for damages accruing after the cessation of representation or this firm's withdrawal as counsel of record. Client hereby grants to Trout & Jones, PLLC an attorney lien on Client's causes of action to secure these obligations.

Each of us reserves the right to terminate our attorney-client relationship for any reason. Client must notify Attorney in writing that he/she is discharging Attorney. Attorney specifically reserve the right to terminate our relationship for nonpayment of fees and costs.

You agree to pay all attorneys' fees, costs and expenses which we may incur as a result or consequence of your failure to timely pay our statements including, without limitation, our attorneys' fees,

and costs if we represent ourselves pro se for the collection of the outstanding balances due to us from You.

**Conflicts.** You have not advised us, nor are we aware of, any conflicts of interest which would prevent us from representing your legal affairs. However, we reserve the right to withdraw from our representation of You should any such conflict arise in the future.

**File Retention.** It is our firm's policy to destroy files five (5) years after final judgment is entered and any appeals are finalized. If You would like us to return your file to You rather than it being destroyed, please send us a letter to that effect.

**Electronic Communications.** During the course of representation, communications may be sent electronically (emails, text messaging, etc.). Please be assured that we consider such communication from our office to be covered by the attorney/client privilege, as are communications from our clients. However, if You send any communication to this office and "cc" it to a third party, You may be waiving that privilege. Likewise, if You forward any communication received from this office to any third party, You may destroy the privilege.

**Modifications of this Agreement.** This agreement may be changed only in writing signed by both Client and Attorney.

**Headings.** The headings on the paragraphs of this agreement are for convenience only and not intended to define, modify, limit, or construe the meaning of the paragraph or of this agreement.

// rest of page intentionally left blank //

This Agreement consists of 5 pages, including this signature page. This Agreement is being executed with Duplicate Originals.

August 12, 2026

Kim J. Trout, Attorney — Date

August 12, 2026

Alyssa R. Jones, Attorney — Date

I ACKNOWLEDGE RECEIPT OF A COPY OF THIS STATEMENT AND AGREE TO THE TERMS SET FORTH HEREIN.

Dale Ames — 08 / 12 / 2026

Rocky Mountain Hunting Calls & Supplies, LLC — Date
By: Dale Ames, its Member

Dale Ames — 08 / 12 / 2026

Dale Ames, Individually — Date

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | 2026-08-12 Engagement Agreement |
| **File name** | 2026-08-12%20Engagement%20Agreement.pdf |
| **Document ID** | a7d2ec92824fdf764b61c5dbedb428abbb112032 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **08 / 12 / 2026**<br>11:18:47 UTC-5 | Sent for signature to Dale Ames (dale@rockymountainhuntingcalls.com) by services@clio.com acting on behalf of kkluckhohn@trout-law.com<br>IP: 160.2.146.151 |
| VIEWED | **08 / 12 / 2026**<br>11:22:22 UTC-5 | Viewed by Dale Ames (dale@rockymountainhuntingcalls.com)<br>IP: 69.28.36.79 |
| SIGNED | **08 / 12 / 2026**<br>11:39:59 UTC-5 | Signed by Dale Ames (dale@rockymountainhuntingcalls.com)<br>IP: 69.28.36.79 |
| COMPLETED | **08 / 12 / 2026**<br>11:39:59 UTC-5 | The document has been completed. |